Feeley, Timothy Q., J.
This personal injury tort claim was commenced by the plaintiff, Onassis Nguyen (“Nguyen”), against the defendant, The Langston Corporation (“Langston”), on October 6, 2004. The return of service reflects that on or about December 15, 2004, an attorney in Philadelphia representing Langston agreed to and thereafter accepted service of the complaint on behalf of Langston. No answer was filed within the time permitted by the Massachusetts Rules of Civil Procedure, or at any time thereafter. Default under Mass.R.Civ.P. 55(a) was entered by the court against Langston on February 7, 2007.
Currently before the court is Nguyen’s motion for assessment of damages and for entry of default judgment. [Docket No. 7.) In support of the motion, Nguyen filed a military affidavit, as well as a memorandum in support of his motion for assessment of damages. The court accepts Nguyen’s memorandum as establishing the amount of lost wages and lost future earnings capacity, as well as medical expenses incurred to date. Additionally, with the aid of a Vietnamese interpreter, a hearing was conducted by the court on September 26, 2008, at which Nguyen testified on the record.
At the hearing, the court learned that Nguyen was born in Vietnam in 1945, and was educated in that country, including legal studies at the University of Saigon. He served in the armed forces of the Republic of Vietnam during the Vietnam War, and spent seven years in a “retraining camp” when the war concluded. Nguyen was able to flee first to Cambodia, and then to Thailand. He eventually came legally to the United States in 1988, and is currently a United States citizen. He speaks some, but not fully fluent English, and an interpreter was used at the hearing.
Nguyen has lived only in Michigan and Massachusetts while in this country. Work has been the core of his life, starting within one week of his arrival in the *591 United States and continuing until his disabling injury-on October 9,2001. The eleven years prior to his injury were spent with Star Container Company, where he was a machine operator, running a rotary die cutting machine manufactured by Langston. On October 9, 2001, his left hand was caught in the machine and crushed. The pain was excruciating. He was taken to a local hospital in Leominster by ambulance, and flown by medical helicopter to UMass Medical Center in Worcester. His index and middle finger were amputated. His ring finger was badly fractured, but Nguyen asked the doctors to save it if they could. Surgery repaired the fracture, but the finger is severely and permanently bent. The pain in his left hand was so severe following the amputation that additional hand surgery was needed in the spring of 2002. Pain at the area of amputation also continues to date, and is worse in cold weather. A prosthesis has been largely ineffective in providing him functional use of his left hand. He has been unable to obtain employment since the injury and has been found to be totally disabled by the Social Security Administration. The court viewed Nguyen’s left hand as he testified, and Exhibit 10 to Nguyen’s memorandum consists of two photographs of his left hand taken three weeks after the injury and amputation.
Nguyen’s left shoulder was yanked when his hand was caught in the machine, and has caused him pain to this date. It appears that surgery is needed to correct the problem. Nguyen has been hesitant to undergo further surgery, but it appears that it is likely at some point in the future.
According to Nguyen’s memorandum, he was totally disabled for a year, and only thereafter permitted by his doctors to return to some form of employment, although not machine operation or other jobs requiring use of both hands. He continues of have significant loss of strength, particularly with regard to lifting, carrying, and pushing with his left hand. I find that given his injury and its continuing disabling effects, his age, his work experience, and his limited language skills, it is not unreasonable or unexpected that he would be unable to obtain gainful employment since his injury.
I accept the information in Nguyen’s memorandum as a fair calculation of his lost wages claim. His average weekly wage was $672.30 at the time of his injury. Using that figure, and assuming full-time employment until age 67, I find his proven lost earning claim to be $395,356.80. Nguyen is now 63, and other than suffering the effects of his hand and shoulder injury, he appears younger than his age, and I find it is more than reasonable to assume that, except for his injury, he would have maintained gainful employment until at least age 67, compensated at least at the average weekly wage he was earning at the time of his injury.
Nguyen’s memorandum established his medical expenses related to his injury to be $80,000, and the court adopts that figure. The court will not attempt to estimate future medicals, as those expenses, if any, will be covered by his workers’ compensation carrier.
Nguyen has suffered both physically and mentally from his injuries. The pain from his injury was incredible, and lasted far beyond his initial amputation surgery. His second surgery provided relief from the worst of the pain but he will have pain and discomfort in his left hand for the rest of his life. He is unable to perform many of the two-handed functions people take for granted. He has and will always have a very noticeable and unsightly deformity to his left hand that is impossible to hide from the public. Work had been the focus of his life. He can no longer work. He has feelings of inferiority that affect his self-esteem and interactions with people. In the context of what had been a very simple, but fulfilling life, the effects of his injuries have been devastating and life-altering.
I find that full and fair compensation for the pain and suffering, physical and mental, past and future, is in the amount of $950,000.

ORDER FOR ENTRY OF JUDGMENT

Plaintiffs’ motion for default judgment [Docket No. 7] is ALLOWED, and judgment of default shall enter in plaintiff Onassis Nguyen’s favor and against defendant The Langston Corporation in the amount of $1,425,356.80, with interest and costs as allowed by law.